**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TEXAS MUTUAL INSURANCE COMPANY, | Civil No. 3:22-CV-01563(CVR) |
| Plaintiff, | |
| v. | |
| SITUS TRUCKING, LLC, | |
| Defendant. | |

## MOTION TO REMAND

**TO THE HONORABLE COURT:**

   **NOW COMES**, Plaintiff, Texas Mutual Insurance Company ("**Texas Mutual**"), by its undersigned attorney, and very respectfully **STATES** and **PRAYS** as follows:

   1.   On January 24, 2023, the Honorable Judge Vélez-Rivé issued an *Order* granting Texas Mutual until February 10, 2023, to file a motion to remand of this action to the 419th Judicial District Court of Travis County, Austin Texas. **(ECF No. 23)**. Examined the evidence that Situs Trucking, LLC ("**Situs Trucking**") must be able to show that this Honorable Court has diversity jurisdiction to entertain, Texas Mutual respectfully requests that this action be remanded to the 419th Judicial District Court of Travis County, Austin Texas, where it was originally filed by Texas Mutual on October 20, 2022.

   2.   Situs Trucking filed a Notice of Removal on November

28, 2022. **(ECF No.1)**. Situs Trucking based its Notice of Removal on diversity jurisdiction, pursuant to 28 USC sec. 1446(a), alleging that Puerto Rico's District Court has original jurisdiction over the complaint since Situs Trucking is a limited liability company and its only member, Mr. Carlos A. Santiago-Cotto ("Mr. Santiago-Cotto"), is a citizen of the Commonwealth of Puerto Rico. **(ECF No.1)**. Situs Trucking did not accompany any proof or evidence of the alleged citizenship or domicile of Mr. Santiago-Cotto in the Commonwealth of Puerto Rico nor of Mr. Santiago-Cotto's allegedly being the sole member of Situs Trucking.

3.   As stated by Situs Trucking in the Notice of Removal, in determining the citizenship of a limited liability company ("LLC"), such as Situs Trucking, this Honorable Court will inquire the citizenship of all the LLC's members, as it has been established that an LLC is a citizen of every state of which its members are citizens. *PRAMO, LLC v. San Juan Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006).

4.   However, the Supreme Court of the United States has also stated that when "jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinctness, in other parts of the record."

*Robertson v. Cease*, 97 US 646, 649 (1878). Moreover, in the said case the U.S. Supreme Court stated that the averment of diversity jurisdiction shall be positive, and the declaration shall state **expressly** the fact on which jurisdiction depends. Any inference of jurisdiction that comes from the averments cannot suffice.

5.   Aside from stating that Situs Trucking alleged only member, Mr. Santiago-Cotto, is allegedly a citizen of Puerto Rico, nothing has been stated nor shown, on the record of this action, by Situs Trucking to aver and show the facts, positively and expressly, as to its claim that this Honorable court has jurisdiction. The record of this action before this Honorable Court only counts with averments of Situs Trucking's counsel regarding Mr. Santiago-Cotto's citizenship in the Commonwealth of Puerto Rico.

6.   Situs Trucking failed to provide competent proof in its Notice of Removal to establish the citizenship and domicile of its member (or members) of Situs Trucking, and that Mr. Santiago-Cotto is its sole member. *Bank One Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1992).

7.   Therefore, Texas Mutual requested this Honorable Court an extension of time to file a motion to remand to conduct discovery as to the barren averments made by Situs Trucking regarding the alleged diversity jurisdiction under 28 USC secs.

1146 and 1332. **(ECF No. 7).** This Honorable Court granted it, **(ECF No. 8),** and upon further filings and orders, this Honorable Court granted Situs Trucking one final extension of time until January 30, 2023, "to produce the requested documentation or face sanctions, including a remand of this action." **(ECF No. 23).**

8.    Since Texas Mutual has challenged the removal arguing that the Court lacks diversity jurisdiction due to the absence of proof of the citizenship of Mr. Santiago-Cotto and being the alleged sole member of Situs Trucking the Court ordered Plaintiff to file motion to remand by February 10, 2023. **(ECF No. 23).**

9.    In discovery, Texas Mutual requested Situs Trucking the following information and documents all relevant to the issues regarding the citizenship and domicile of Mr. Santiago-Cotto, as well as his alleged sole member status of Situs Trucking:

1.    Evidence that he has spent at least 183 of the last 365 days, including at least 31 days in the current year, in the Commonwealth of Puerto Rico.

2.    Evidence that his address in Aguas Buenas, as it appears in the Notice of Removal filed by Situs Trucking, Inc. ("Situs") is his principal residence, and that he has spent at least 183 of the last 365 days there. This should include any documents, including public deeds, that show his ownership of the property where he allegedly resides and any claim for Homestead exception.

3. His cellular phone number, and any other phone number used by Mr. Santiago-Cotto.

4. Evidence that the address for which the information is required in No. 2, above, is Mr. Santiago-Cotto's domicile.

5. Evidence of any POBOX address of Mr. Santiago-Cotto including any contract issued in that regard.

6. Utility bills (water, power, gas, phone, cellular, garbage disposal, etc.) in his name with that address and in his name.

7. Puerto Rico Driver's License (you can redact the number of the license to avoid disclosing PII) yet the license must contain his address in Aguas Buenas, and that shows the dates it was issued and when it expires.

8. Copy of the registration of any vehicle in the name of Mr. Santiago-Cotto that he has in the Commonwealth of Puerto Rico and shows the address referred to in the Notice of Removal.

9. Any identification card issued by the Commonwealth of Puerto Rico, including the Voters' registration card.

10. Certification issued by the Puerto Rico Treasury Department ("Departamento de Hacienda") evidencing that Mr. Santiago-Cotto has filed income tax returns here for the last five (5) years.

11. Any partial or complete exception to a withholding certificate issued by the Departamento de Hacienda for professional services rendered.

12. Certification from CRIM that he has filed real or personal property returns here for the last five (5) years.

13. Certifications issued by the IRS showing that Mr. Santiago-Cotto has filed Federal Income Tax returns for the past five (5) years, including any 1040PR return, and that shows the address in Aguas Buenas as it appears in the Notice of Removal.

14. Any W2 received by Mr. Santiago-Cotto since 2017, redacting his social security number.

15. Copies of filings or decrees issued to Mr. Santiago-Cotto for qualification for any tax incentive provided for by the Commonwealth of Puerto Rico.

16. Evidence of any relative of Mr. Santiago-Cotto who is attending school in the Commonwealth of Puerto Rico, including the name of the relative, name of the school, registration papers showing his address, etc.

17. Name and branch of the Bank, Cooperative, or any other Financial Institution, where Mr. Santiago-Cotto keeps his personal accounts, including investment accounts, and including letters from the institution showing since when Mr. Santiago-Cotto had a relationship with that institution.

18. Copies of Bank (or from any other financial institution) Statements for the last twelve (12) months with the account number redacted.

19. Any I-864 Affidavit of Support issued by Mr. Santiago-Cotto.

20. Any payments received for his services from Situs or from any other source that shows the address referred to in the Notice of Removal.

10.    Even though on January 30, 2023, Situs Trucking produced some information and documents through its counsel, **(See Exhibit 1)**, it failed to comply with L. Cv. R. Rule 5(c) as to provide viding all documents in the English language. Except for the cover letter signed by Situs Trucking's counsel, the Schedule K-1 for 2021 issued to Mr. Santiago-Cotto, the Declaration Under Penalty of Perjury, and the Certificate of Termination of a Domestic Entity from the Texas Secretary of

State, all the other documents produced are in the Spanish language without a certified translation into English language as required by Local Rule.

11.     Given the shortened period of time provided to Texas Mutual to move to remand, Texas Mutual files the documents in the Spanish language, with a request that this Honorable Court orders Situs Trucking to produce and file certified translations of those documents should this Honorable Court need them to decide this Motion to Remand as it is Situs Trucking burden to show that diversity of jurisdiction is present and that MR. Santiago-Cotto is its sole member.

12.     Likewise, the information and documents produced by Situs Trucking does not show the citizenship and domicile of Mr. Santiago-Cottom, as Situs Trucking alleged sole member, and, therefore, are insufficient to establish the existence of complete diversity jurisdiction when Situs Trucking filed its Notice of Removal on November 28, 2022.

13.     Following is the list of the insufficient and incomplete information and documents produced by Situs Trucking in response to Texas Mutual's discovery as to Mr. Santiago-Cotto's citizenship and domicile for diversity purposes:

| Information and documents requested by Texas Mutual | Information and documents produced by Situs Trucking |
|---|---|
| 1. Evidence that he (Mr. Santiago-Cotto) has spent at least 183 of the last 365 days, including at least 31 days in the current year, in the Commonwealth of Puerto Rico. | Copy of a Public Deed of Purchase and Sale in the Spanish language, executed on April 14, 2022. **(See Exhibit 2.)** |
| 2. Evidence that his address in Aguas Buenas, as it appears in the Notice of Removal filed by Situs Trucking, Inc. ("Situs") is his principal residence, and that he has spent at least 183 of the last 365 days there. This should include any documents, including public deeds, that shows his ownership of the property where he allegedly resides and any claim for Homestead exception. | Copy of a Public Deed of Purchase and Sale in the Spanish language, executed on April 14, 2022. **(See Exhibit 2.)** |
| 3. His cellular phone number, and any other phone number used by Mr. Santiago-Cotto. | Situs Trucking stated, through its counsel, that: "Mr. Carlos Santiago-Cotto's cellular phone is: (432) 466-4052." **(See Exhibit 1.)** No other phone number of Mr. Santiago-Cotto was provided. |
| 4. Evidence that the address for which the information is required in No. 2, above, is Mr. Santiago-Cotto's domicile. | Copy of a Public Deed of Buy and Sale in the Spanish language, executed on April 14, 2022. **(See Exhibit 2.)** |

| Information and documents requested by Texas Mutual | Information and documents produced by Situs Trucking |
|---|---|
| 5. Evidence of any PO BOX address of Mr. Santiago-Cotto including any contract issued in that regard. | Copy of the Power Authority Invoice in the Spanish language, issued on December 3, 2022. **(See Exhibit 3.)**<br><br>Copy of the Water and Sewer Invoice, in the Spanish language, issued on January 23, 2023. **(See Exhibit 4.)** |
| 6. Utility bills (water, power, gas, phone, cellular, garbage disposals, etc.) in his name with that address and in his name. | Copy of the Power Authority Invoice, in the Spanish language, issued on December 3, 2022. **(See Exhibit 3.)**<br><br>Copy of the Water and Sewer Invoice, in the Spanish language, issued on January 23, 2023. **(See Exhibit 4.)** |
| 7. Puerto Rico Driver's License (you can redact the number of the license to avoid disclosing PII) yet the license must contain his address in Aguas Buenas, and that shows the dates it was issued and when it expires. | Situs Trucking did not provide Puerto Rico Driver's License of Mr. Santiago-Cotto.<br><br>Instead, Situs Trucking stated, through its counsel: "[t]hat Puerto Rico Driver license is pending issuance by the Commonwealth of Puerto Rico Department of Transportation." **(See Exhibit 1.)** |
| 8. Copy of the registration of any vehicle in the name of Mr. Santiago-Cotto that he has in the Commonwealth of Puerto Rico and shows the address referred to in the Notice of Removal. | Copy of registration for a Ford F250 S, year 2017, registered on February 11, 2022, in the Spanish language. **(See Exhibit 5.)** |
| 9. Any identification card issued by the Commonwealth of Puerto Rico, including the | Copy of License to carry firearms issued on April 9, 2022, by the Commonwealth of Puerto Rico, in the Spanish |

| Information and documents requested by Texas Mutual | Information and documents produced by Situs Trucking |
|---|---|
| Voters's registration card. | language. **(See Exhibit 6.)** |
| 10. Certification issued by the Puerto Rico Treasury Department ("Departamento de Hacienda") evidencing that Mr. Santiago-Cotto has filed income tax returns here for the last five (5) years. | Situs Trucking did not provide **any** certification from the Puerto Rico Department of the Treasury confirming that Mr. Santiago-Cotto had filed income tax returns in Puerto Rico.<br><br>Instead, Situs Trucking only provided a Certification of payment of excise taxes from the Puerto Rico Treasury Department dated December 2, 2022, in the Spanish language, regarding a 2017 RAM 1500 Sport Crew Cab. **(See Exhibit 7.)** |
| 11. Any partial or complete exception to a withholding certificate issued by the Departamento de Hacienda for professional services rendered. | Situs Trucking did not provide any partial or complete exception to a withholding certificate issued by the Puerto Rico Treasury Department for professional services rendered.<br><br>Rather, Situs Trucking, through its counsel, stated that: "Mr. Carlos Santiago-Cotto is not engaged in the rendering of professional services. Accordingly, there is not an election to forego that Exemption Certificate." **(See Exhibit 1.)** |
| 12. Certification from CRIM that he has filed real or personal property returns here for the last five (5) years. | Situs Trucking did not provide any Certification from the CRIM.<br><br>Erroneously, Situs Trucking stated, through its counsel, that: |

| Information and documents requested by Texas Mutual | Information and documents produced by Situs Trucking |
|---|---|
| | "Mr. Carlos Santiago-Coto is not engaged in any commercial activity that would require or further mandate the filing of personal property tax returns before the Centro de Recaudación de Ingresos Municipales (CRIM). In Puerto Rico, there is no obligation to file returns for Real Property Holdings." **(See Exhibit 1.)** |
| 13. Certifications issued by the IRS showing that Mr. Santiago-Cotto has filed Federal Income Tax returns for the past five (5) years, including any 1040PR return, and that shows the address in Aguas Buenas as it appears in the Notice of Removal. | Situs Trucking provided Schedule K-1 (Form 1120-S) for the year 2021, which indicates the address of Mr. Carlos A. Santiago, **in the state of Texas**, is: **860 S. Avenue D Kermit, Tx 79745. (See Exhibit 8.)**<br><br>Situs Trucking also stated, thorough its counsel, that:<br><br>"Mr. Santiago-Cotto receives from the LLC Company that Schedule K-1 duly presented and filed before the Internal Revenue Services (as part of the U.S. Income Tax Return for an S Corporation for SITUS). Mr. Santiago-Cotto shall supplement the foregoing Response, provided necessary, including additional Schedules." **(See Exhibit 1.)** |
| 14. Any W2 received by Mr. Santiago-Cotto since 2017, redacting his social security number. | Situs Trucking provided Schedule K-1 (Form 1120-S) for the year 2021. **(See Exhibit 8.)** |

| Information and documents requested by Texas Mutual | Information and documents produced by Situs Trucking |
|---|---|
| | Situs Trucking, thorough its counsel, added that:<br><br>"Mr. Santiago-Cotto receives from the LLC Company that Schedule K-1 duly presented and filed before the Internal Revenue Services (as part of the U.S. Income Tax Return for an S Corporation for SITUS). Mr. Santiago-Cotto shall supplement the foregoing Response, provided necessary, including additional Schedules." **(See Exhibit 1.)** |
| 15. Copies of filings or decrees issued to Mr. Santiago-Cotto for qualification for any tax incentive provided for by the Commonwealth of Puerto Rico. | Situs Trucking did not provide any tax incentive decree issued by the Commonwealth of Puerto Rico.<br><br>Situs Trucking stated, through its counsel, that: "Mr. Santiago-Cotto is not a holder of any tax incentive or decree with the Commonwealth of Puerto Rico." **(See Exhibit 1.)** |
| 16. Evidence of any relative of Mr. Santiago-Cotto who is attending school in the Commonwealth of Puerto Rico, including name of the relative, name of the school, registration papers showing his address, etc. | Situs Trucking provided a copy the University of Ana G. Méndez Enrollment Certification of Betty Carolina-Santiago, in the Spanish language. **(See Exhibit 9.)**<br><br>Also, Situs Trucking provided a copy of Daniel Alexis Santiago-Sevilla's schedule from the Mech Tech College-Caguas, in the Spanish language. **(See Exhibit 10.)** |

| Information and documents requested by Texas Mutual | Information and documents produced by Situs Trucking |
|---|---|
| 17. Name and branch of the Bank, Cooperative, or any other Financial Institution, where Mr. Santiago-Cotto keeps his personal accounts, including investment accounts, and including letters from the institution showing since when Mr. Santiago-Cotto has had a relationship with that institution. | Situs Trucking provided a copy of one (1) Bank Statement from Banco Popular de Puerto Rico covering the period from April 22, 2022, to May 24, 2022, in the Spanish language. **(See Exhibit 11.)** |
| 18. Copies of Bank (or from any other financial institution) Statement for the last twelve (12) months with the account number redacted. | Situs Trucking provided a copy of one (1) Bank Statement from Banco Popular de Puerto Rico covering the period from April 22, 2022, to May 24, 2022, in the Spanish language. **(See Exhibit 11.)** |
| 19. Any I-864 Affidavit of Support issued by Mr. Santiago-Cotto. | Situs Trucking provided a Declaration Under Penalty of Perjury of Mr. Santiago-Cotto. **(See Exhibit 12.)** |
| 20. Any payments received for his services from Situs Trucking or from any other source that shows the address referred to in the Notice of Removal. | Situs Trucking provided a Certificate of Termination of a Domestic Entity, filed on May 23, 2022, before the Texas Secretary of State, Mr. José A. Esparza. The Certificate provides the address of Mr. Santiago-Cotto, as the governing person (President/Member) of Situs Trucking, to be: 126 SW Voltair Ter, Port St. Lucie FL 34984-3628. **(See Exhibit 13.)** |

14.     As previously mentioned, the information and documents produced by Situs Trucking are insufficient to show complete diversity of jurisdiction. Especially, they do not show that the alleged sole member of Situs Trucking is a citizen of or is domiciled in Puerto Rico. Texas Mutual herein explains.

15.     In view of the notion that federal courts are of limited jurisdiction, it should be presumed that the federal court lacks jurisdiction and, therefore, **the party invoking jurisdiction**, **in this action Situs Trucking**, **must establish its elements**. Hence, Situs Trucking bears the burden of demonstrating the elements of diversity are present and, in this regard, demonstrating the citizenship of Situs Trucking by demonstrating the citizenship of its members. *PRAMO, LLC v. San Juan Marina, Inc., supra*; *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 138 (1st Cir. 2004).

16.     The party invoking jurisdiction based on diversity of citizenship **must** prove the element of "domicile" in a particular state, establishing: (1) physical presence in the state; (2) **intention to reside indefinitely in the state or "the intent to make that place one's home"**. *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701(1st Cir. 1979); *Alers v. Barceló*, 152 F.Supp.3d 59, 64 (D. P.R. 2016).

17.     The United States Court of Appeals for the First Circuit has consistently determined that "a person's domicile is

the place where has a **true**, **fixed home and principal establishment**, and to which, whenever he is absent, he has the intention of returning." *Aponte-Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (2016); *Padilla-Mangual v. Pavía Hospital*, 516 F.3d 29, 32(1st Cir. 2008); *Rodríguez-Díaz v. Sierra-Martínez*, 853 F.2d 1027, 1029 (1st Cir. 1988). See also *Torres Vazquez v. Com. Union Ins. Co.*, 417 F.Supp.2d 227, 223 (D. P.R. 2006).

18.    In the present action, Situs Trucking has not proven any of the elements of domicile. Mr. Santiago-Cotto has not shown, based on the information produced by Situs Trucking in response to the discovery sought by Texas Mutual, that on November 28, 2022, he was domiciled in the Commonwealth of Puerto Rico, and that has the intention to reside indefinitely in Puerto Rico.

19.    On the contrary, the information and documents produced show the following:

(1) The Public Deed of Purchase and Sale **(Exhibit 2)** does not indicate that the residence in Aguas Buenas is Mr. Santiago-Cotto's principal residence. Surprisingly, the Public Deed indicates that the buyers, Mr. Santiago Cotto and Betty Esperanza Sevilla Santiago, waived to the Safe Home Protection Act (Homestead exception), which protects the principal residence of the owners from creditors.

(2) The Power and Water invoices produced from the alleged residence in Aguas Buenas do not show **any** consumption of electricity or water. **(Exhibits 3 and 4.)** Particularly, the Water and Sewer invoice clearly shows that **since July 14, 2022**, there has not been any consumption of water at the address that appears on the invoice. Furthermore, the electric bill for the period ending on January 5, 2023, **shows 0kWh consumed**.

(3) Mr. Santiago-Cotto does not have a driver's license issued by the Commonwealth of Puerto Rico. (**Exhibit 1.**)

(4) Mr. Santiago-Cotto produced a copy of the payment of excise tax for a 2017 RAM 1500 auto, dated by the Puerto Rico Treasury Department on December 2, 2022, **(Exhibit 7),** showing an address in Aguas Buenas that is different from the address included in the Notice of Removal at Paragraph 3(a) (**ECF No. 1**).

(5) Mr. Santiago-Cotto does not have a Certification issued by the IRS showing the address in Aguas Buenas included in the Notice of Removal. Conversely, the Schedule K-1 produced by Situs Trucking, (**Exhibit 8),** shows that his address is: 860 S Avenue D, **Kermit, TX** 79745.

(6) Mr. Santiago-Cotto's phone number is from the state of Texas. This Honorable Court can take judicial notice, under Fed. R. Evid. 201 (b)(2), that the area code of Mr. Santiago-

Cotto's cellular number is 432, and that area code corresponds to the state of Texas, and specifically includes the city of **Kermit**, TX, that is the city that appears in the Schedule K-1 (Form 1120-S) for the year 2021, produced by Situs Trucking. See, among others, https://www.spokeo.com/432-area-code This area code (432) being of Texas is a fact that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

(6) Mr. Santiago-Cotto's Declaration Under Penalty of Perjury, **(Exhibit 12)**, allegedly submitted under 28 USC Section 1746, does not state that he was a citizen of the Commonwealth of Puerto Rico on November 28, 2022, nor was he domiciled here. In fact, his Declaration does not mention anything regarding his alleged citizenship in this District, nor his domicile here, except claiming that he is a resident of Aguas Buenas, Puerto Rico. Additionally, Mr. Santiago-Cotto mentions that *he* is the defendant when the defendant is Situs Trucking and that he is the sole member of Situs Trucking without submitting any evidence. In fact, the only document produced by Situs Trucking that makes a mention of Mr. Santiago-Cotto being the sole member of Situs Trucking is his Declaration, yet the Declaration makes reference to an alleged acquisition of Situs Trucking by Mr. Santiago-Cotto, which allegedly resulted in the removal of ownership of another person and included him as

the owner. The alleged acquisition documents were not produced by Situs Trucking.

(7) Mr. Santiago-Cotto did not state in his Declaration the place *where* (city and state or country) he executed it; only *when* he signed it (on January 27, 2023). This is a serious omission since it affects the validity of the Declaration. An unsworn declaration under penalty of perjury under 28 USC Section 1746, requires different forms of attestation depending on *where* it is executed ""...(1) If executed without the United States: [the form must conform substantially with the following form:]: 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).' [or] "If executed within the United States, its territories, possessions, or commonwealths: 'I declare ((or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).'" Since the Declaration does not state *where* it was executed, it is non-compliant under USC Section 1746, since the form to be used to certify, verify or state differs if executed "*without*" the United States or "*within*" the United States.

(8) The May 23, 2022, Certificate of Termination of Situs Trucking in **Texas**, (**Exhibit 13 )**, Mr. Carlos Santiago (maiden

name of his last name excluded) is a "Governing Person", (does not states that he is the sole member of Situs Trucking), only that he is "President/Member", and that his address is in Florida as of the date of the Certificate: 126 SW Voltair Ter, Port St. Lucie FL 34984-3628. This Honorable Court can note that the entity submitting the Certificate of Termination is also located in Texas.

(9) Mr. Santiago-Cotto does not have a Certification issued by the IRS showing the address in Aguas Buenas. Conversely, the Schedule K-1 for the year 2021, produced by Situs Trucking, shows that his address is: 860 S Avenue D, **Kermit, TX** 79745. The Court may also note that, in this schedule, Situs Trucking's address is listed as the same address Mr. Santiago-Cotto included in the May 23, 2022, Certification of Termination as being his address: 126 SW Voltair Ter, Port St. Lucie FL 34984-3628. **(Compare Exhibit 8 to Exhibit 13.)**

(10) Finally, Situs Trucking does not indicate the relationship of the persons, for whom it produced the enrollment certification and course schedule, to Mr. Santiago-Cotto. (**Exhibits 9 and 10.)**

20.    Further research in the Corporation registry of Puerto Rico the Department of State of the Commonwealth of Puerto Rico, shows that Situs Trucking is not incorporated nor authorized to

do business in Puerto Rico. **(See** Certification from the Department of State issued on February 10, 2023; **Exhibit 14.)**

21.    The U.S. Court of Appeals for the First Circuit added in *García Pérez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004) that in the determination of citizenship and domicile: "**[n]o single factor is dispositive,** and analysis focuses not simply on the number of contacts with the purported domicile, but also on their **substantive nature.**"

22.    The record of this action does not disclose the citizenship or domicile of Mr. Santiago-Cotto. The documents and information produced is likewise lacking any substantive nature to show that Mr. Santiago-Cotto is the sole member of Situs Trucking and that Mr. Santiago-Cotto is a citizen of the Commonwealth of Puerto Rico for the diversity of jurisdiction purposes. As a result of which there is no satisfactory showing as to the citizenship and domicile of the defendant within this District, the existence of complete diversity cannot be determined by this Honorable Court based on the documents and information produced by Situs Trucking.

23.    Since it cannot be determined whether complete diversity exists, the present case should be remanded, unless Situs Trucking can -in fact- show the existence of complete diversity of citizenship in this case and, hence, establish

without any doubts that this Honorable Court has subject matter jurisdiction.

24.     Texas Mutual respectfully submits that the documents and information produced, even if admissible with a translation into the English language, are insufficient for Situs Trucking to sustain its averments that this Honorable Court has jurisdiction over this action and that Mr. Santiago-Cotto is the sole member of Situs Trucking.

25.     Subject matter jurisdiction is a privileged matter and should be examined in the first place by this Honorable Court to determine whether the case should be remanded to the 419th District Court of Travis County in Austin, Texas. Pursuant to 28 USC sec. 1441(a), a defendant in a civil action commenced in state court may remove the case to federal court if the federal court has original jurisdiction. *Aetna Health Inc. v. Davila*, 542 US 200, 207 (2004). Once a case has been removed, the court can remand if "the case was removed improvidently and without jurisdiction." *Ochoa Realty Corp. v. Faria*, 815 F.2d 812, 815 (1st Cir. 1987) (citing 28 USC sec. 1447(c)).

26.     "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. 28 USC sec. 1447(c); see also *U.S. v. Pomales-Lebrón*, 513 F.3d 262, 269 (1st Cir. 2008) ("[b]ecause federal courts are powerless to act in the absence

of subject-matter jurisdiction, [this court has] an unflagging obligation to notice jurisdictional defects and pursue them on [its] own initiative.")

27.     As previously argued by Texas Mutual, it is also settled that it is Situs Trucking, as the removing party, has the burden of proof of showing subject matter jurisdiction. *Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir. 1999). "Subject matter jurisdiction is not a 'nicety of legal metaphysics' but rests instead on 'the central principle of a free society that courts have finite bounds of authority.' Courts must be careful to respect these limits on their authority." *Christopher v. Stanley-Bostitch, Inc.,* 240 F.3d 95, 101 (1st Cir. 2001) (citations omitted). Also, when federal subject-matter jurisdiction is doubtful, those doubts should be resolved in favor of remand. See *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990); *Padilla-Gonzalez v. Local 1575*, 635 F. Supp. 2d 105, 108 (D.P.R. 2009).

28.     In the alternative, this Honorable Court may hold an evidentiary hearing regarding the subject matter jurisdictional matter, including the alleged sole member status of Situs Trucking, to determine whether the case should be remanded. However, since subject-matter jurisdiction is doubtful, those doubts should be resolved in favor of remand.

**WHEREFORE,** Texas Mutual Insurance Company respectfully requests that this Honorable Court order the remand of this action to the 419th Judicial District Court of Travis County, Austin Texas, or hold an evidentiary hearing as to the alleged complete diversity of citizenship of the parties pursuant to 28 USC sec. 1446(a).

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, on February 10, 2023.

**WE HEREBY CERTIFY** that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification to all counsel of record, all CM/ECF participants in the case.

*/s/Ramón Coto-Ojeda*
USDC-PR No. 202006
rco@crlawpr.com

**COTO & ASSOCIATES**
Counsel for
Texas Mutual Insurance Company
MCS Plaza, Suite 800
255 Ponce de León Ave.
San Juan, PR 00917
PO Box 71449
San Juan, PR 00936-8549
Tel.: (787) 756-9640
Fax:  (787) 756-9641